IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:16cv740

| | |
|---|---|
| RALPH L. FALLS III, M.E.F., by her next friend and parent, Ralph L. Falls III, L.C.F., by her next friend and parents, Ralph L. Falls III, and J.B.F., by his next friend and parent, Ralph L. Falls III,<br><br>Plaintiffs,<br><br>v.<br><br>GOLDMAN SACHS TRUST COMPANY, N.A., as executor of the Estate of RALPH L. FALLS, JR., GOLDMAN SACHS TRUST COMPANY, N.A., as Trustee of the RALPH LANE FALLS REVOCABLE DECLARATION OF TRUST, DIANNE C. SELLERS, LOUISE FALLS CONE, individually and on behalf of her minor children and unborn issue, TOBY CONE, MARY COOPER FALLS WING, individually and on behalf of her minor children and unborn issue, GILLIAN FALLS CONE, individually and on behalf of her minor children and unborn issue, and K.L.C., by her next friends and parents, Louise Falls Cone and Toby Cone,<br><br>Defendants. | **MEMORANDUM IN OPPOSITION OF PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |

Defendants Dianne C. Sellers ("Sellers") and Louise Falls Cone ("Cone"), her husband Toby Cone, and her daughters Gillian Cone and K.L.C. (collectively, the "Cone Defendants"), by and through her undersigned counsel, hereby submit this Memorandum in Opposition to Plaintiff's Motion for leave to File Amended Complaint.

## Nature of the Case

On August 8, 2016, Ralph L. Falls III ("Falls III") initiated this action against his father's wife, Dianne Sellers; his sister, Louise Falls Cone, her husband Toby Cone, and her

daughters Gillian Cone and K.L.C. ("Cone Defendants"); his sister Mary Cooper Falls Wing ("Wing")[1]; and his father's Estate through Goldman Sachs, executor. Falls III alleged that his father, Ralph Falls, Jr. ("Mr. Falls"), lacked capacity to disinherit Falls III through a Trust Amendment and that Sellers exerted undue influence on Ralph Falls, Jr. He asked for a declaration that the Fifth Amendment to his father's Revocable Trust be declared invalid, sued Sellers in tort for alleged malicious interference with the right to inherit, and sued the Estate for breach of lease related to a beach house in Morehead City.[2] As an alternative declaratory judgment claim, he asked for enforcement of a provision in the Fifth Amendment regarding the Morehead City house.

The parties engaged in a limited discovery period that ended on May 12, 2017.[3] A mediation between all of the parties was held on June 5, 2017. After the initial mediation session, on June 23, 2017, Falls III filed a Motion for Leave to File Amended Complaint. (Docket 125). The Court granted this motion on December 18, 2017. (Docket 185.) Falls III's Amended Complaint was filed on December 19, 2017 and seeks: (1) a declaratory judgment that all amendments to the Revocable Trust that disinherit him or his minor children are invalid due to undue influence and/or lack of capacity; (2) to add claims of malicious interference with the right to inherit against Louise Falls Cone; and (3) to add his three minor children as plaintiffs. Sellers and the Cone Defendants have not answered the Amended Complaint, but instead have a motion fully briefed and pending before the Court

---

[1] Although Wing is denominated as a defendant, she and Falls III have aligned themselves in the case. Wing's currently-pending crossclaims include: (1) invalidity of revocable trust – N.C. Gen. Stat. § 36C-6-604; (2) declaratory judgment – alternative to Count 1; and (3) malicious interference with the right to inherit. (Docket 202.)

[2] This claim was dismissed by the Court in an Order dated May 1, 2017. (Docket No. 101).

[3] Although labeled a "limited" discovery period, significant amounts of documents were produced. Sellers alone produced over 9,000 pages of materials. In addition, Cone, Falls III, Wing, and Goldman Sachs combined produced over 11,000 pages of materials. Moreover, in excess of 25 subpoenas duces tecum were sent to non-parties and thousands of pages of responsive materials were received in response.

2

to dismiss these claims under the adequate remedy doctrine and for lack of subject matter jurisdiction. (Docket 194.) Wing is the only defendant to have answered Plaintiffs' Amended Complaint, also submitting crossclaims. (Docket 193.) However, as to her own crossclaims, which largely mirror Plaintiffs' claims, Wing later separately made a Motion to Voluntarily Dismiss or to Dismiss for Lack of Subject Matter Jurisdiction. (Docket 217.)

Almost two years after filing the original Complaint, on June 17, 2018, Plaintiffs filed a Motion for Leave to File Second Amended Complaint. (Docket 226.) Plaintiffs' Second Amended Complaint seeks: (1) to add Nancy Ledford ("Ledford") as an additional party; (2) to add Ledford as a defendant to the claim for malicious interference with the right to inherit; (3) to add a claim for unjust enrichment against Sellers and the Cone Defendants; (4) to add a claim for breach of fiduciary duty against Sellers; (5) to add Goldman Sachs, in its individual corporate capacity, as a defendant; (6) to add a claim for wrongful distributions pursuant to N.C. Gen. Stat. § 36C-6-604 against Goldman Sachs, in its individual corporate capacity; and (7) to add a claim for injunctive relief against Goldman Sachs, in its individual corporate capacity. (*Id.*)

Plaintiffs' proposed Second Amended Complaint is futile, has been sought in bad faith, is prejudicial, and is the result of undue delay. For the reasons stated herein, Plaintiffs' Motion for Leave to File Second Amended Complaint should be denied.

## Facts

On August 4, 2011, as part of his estate planning, Mr. Falls created a Revocable Trust. (Exhibit A.) The initial Revocable Trust included Falls III, M.E.F., L.C.F., and Wing as beneficiaries.[4] However, Mr. Falls made at least five amendments to the Revocable

---

[4] The Revocable Trust and its amendments name which grandchildren are beneficiaries. Notably, unlike Falls III's minor daughters, M.E.F. and L.C.F., Falls III's son, J.B.F., was never included in the Revocable Trust or its amendments as a beneficiary.

Trust, three of which exclude Falls III and Falls III's minor children and all of which exclude Wing.

On December 14, 2012, Mr. Falls made the First Amendment to the Revocable Trust. (Exhibit B.) Prior to this date, Wing went through certain personal files in Mr. Falls' home and contemporaneously called someone in order to share information about those files. Therefore, Mr. Falls, as stated in his own words, excluded Wing from the First Amendment. (See Docket No. 76-2 (Exhibit B to Sellers' Answer to Wing Amended Crossclaims)). The Second Amendment was made on January 4, 2013 and also excluded Wing. (Exhibit C.)

On July 30, 2013, Mr. Falls loaned Falls III money and afterwards, Falls III failed to abide by the terms of his agreement with his father, including by failing to put a second mortgage on his house in favor of his father. After months of trying to resolve this issue with his son, Mr. Falls was forced to file the Loan Action which was tried before this Court in March 2018. (Goldman Sachs Trust Co. N.A. v. Falls, No. 5:14-cv-777 (E.D.N.C.)). In that case, the jury reached a verdict in favor of Mr. Falls' estate for $193,000.

Then, on October 31, 2013, without any notice to Mr. Falls or Sellers, Falls III filed a General Durable Power of Attorney Including Health Care Power of Attorney, which had been signed by Mr. Falls on September 27, 2012 and which designated Falls III as his attorney-in-fact. Falls III sought to control Mr. Falls' financial affairs through the Durable Power of Attorney. There was no medical declaration of incompetency and Mr. Falls did not need a person holding a power of attorney to handle his affairs.

Following Falls III's improper attempted use of the Durable Power of Attorney, Mr. Falls underwent a formal competency evaluation. The report from that evaluation, issued on January 13, 2014, declared that he was competent. (See Docket No. 116-5 (Exhibit E to Cone Defendants' and Sellers' Joint Response in Opposition to Falls III's and Wing's Joint

4

First Motion to Compel Discovery from Goldman Sachs)).  Another amendment, misnamed as the First Amendment, was made on January 27, 2014.  (Exhibit D.)  That amendment continued to exclude Wing, reduced the percentage that Falls III would take, and included M.E.F. and L.C.F.  The Third Amendment was made on February 19, 2014.  (Exhibit E.)  Wing was still excluded from that Amendment.  Following Falls III's failure to repay the loan to Mr. Falls, Falls III's improper attempted use of the Durable Power of Attorney, and other events as documented by Mr. Falls' mental health professionals, the Third Amendment also excluded Falls III and his minor children.

The Fourth Amendment was made on July 17, 2014 and excluded Wing, Falls III, and Falls III's minor children.  (Exhibit F.)  The Fifth Amendment was made on December 10, 2014 and excluded Wing, Falls III, and Falls III's minor children.  (Exhibit G.)  Upon Mr. Falls' proposal, he and Sellers were married on December 10, 2014, after having begun a relationship in 2008 and following years of companionship.  Mr. Falls and Sellers remained married until his death on May 11, 2015.

## Argument

At this stage of the litigation, Plaintiffs must secure leave of Court in order to amend the complaint for a second time.  Fed. R. Civ. P. 15(a).  Although Rule 15 provides for liberal amendment of pleadings, the trial court's discretion is not unlimited.  Leave to amend a complaint should be denied "when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile."  *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).  Although "delay alone is not sufficient reason to deny leave to amend," it can be when the delay is "accompanied by prejudice, bad faith, or futility."  *Id.* at 509-10.  In this case, Plaintiffs' second motion for leave to amend his Complaint should be denied because the amendment is futile, has been sought in bad faith, is prejudicial, and is the result of undue

5

delay.

### A. Plaintiffs' Second Amended Complaint is Futile

"[A] district court may deny leave if amending the complaint would be futile—that is, if the proposed amended complaint fails to satisfy the requirements of the federal rules." *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.,* 525 F.3d 370, 376 (4th Cir. 2008). An amendment is futile when it fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 375. Plaintiffs' Second Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6) and is futile.

#### 1. There are two pending motions to dismiss which demonstrate that Plaintiffs' motion to amend futile.

There are two currently-pending motions before the Court that demonstrate the futility of Plaintiffs' motion for leave to file the Second Amended Complaint. Either of the motions, if granted, would likewise compel dismissal of claims that Plaintiff now seeks to file. First, Sellers and the Cone Defendants have moved to dismiss the claims in Plaintiffs' First Amended Complaint under Rule 12(b)(1) and Rule 12(b)(6) on the basis of the adequate remedy doctrine and lack of subject matter jurisdiction. (Docket 194.) This motion to dismiss is fully briefed and pending before the Court.[5] Therefore, if the motion to dismiss is granted by the Court, Plaintiffs' proposed Second Amended Complaint is futile. Moreover, Plaintiffs' proposed Second Amended Complaint does not address the deficiencies raised in Sellers' and the Cone Defendants' motion to dismiss. *See Mitchell–Tracey v. United Gen. Title Ins. Co.*, 442 Fed. Appx. 2, 7 (4th Cir. 2011) (noting that a motion to amend a complaint is futile if it "fails to correct the deficiencies of the original Complaint").

---

[5] Sellers and the Cone Defendants have also moved to dismiss Wing's crossclaims pursuant to the adequate remedy doctrine, lack of subject matter jurisdiction, and the prior action pending doctrine. (Docket 206.) Like the motion on Plaintiffs' claims, that motion has been fully briefed and is pending before the Court.

Second, Wing has moved to voluntarily dismiss her crossclaims or, in the alternative, to dismiss her own crossclaims for lack of subject matter jurisdiction. (Docket 217.) Wing's motion to dismiss has been fully briefed and is pending before the Court. In their memorandum in support of this motion for leave to amend the complaint, Plaintiffs admit that "The Plaintiffs' proposed amendment … largely overlaps with the crossclaims asserted by [Wing] that have been pending since the outset of the litigation." (Docket 227 p. 6.) Sellers and the Cone Defendants have responded to Wing's motion, stating that they "will not contest that this Court lacks subject matter jurisdiction over Wing's crossclaims and that those crossclaims should be dismissed on that basis." (Docket 223 p. 2.) Therefore, to the extent the Court grants Wing's motion to dismiss for lack of subject matter jurisdiction pursuant to the probate exception to federal jurisdiction, those arguments would apply with equal force against Plaintiffs' near-identical claims. The Court may dismiss Plaintiffs' claims *sua sponte* for lack of subject matter jurisdiction. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008) ("the lack of subject matter jurisdiction may be noticed by the district court *sua sponte* or by any party"). Thus, if the Court grants Wing's motion to dismiss Wing's claims, Plaintiffs' proposed Second Amended Complaint is futile.

There are, therefore, two pending motions to dismiss—Defendants' Motion to Dismiss the Amended Complaint and Wing's Motion to Dismiss her own claims for lask of subject matter jurisdiction—either of which, if allowed, would render Plaintiffs' present motion for leave to file second amended complaint futile.

### 2. Adding Ledford as a defendant is futile because it is barred under the statute of limitations.

Seeking to add Nancy Ledford as a defendant to the claim for malicious interference with the right to inherit is barred by the statute of limitations and is futile. Notably,

7

"[o]nce a defendant raises a statute of limitations defense, the burden of showing that the action was instituted within the prescribed period is on the plaintiff." *Horton v. Carolina Medicorp, Inc.,* 344 N.C. 133, 136, 472 S.E.2d 778, 780 (1996) (citation omitted).

Although not directly stated in North Carolina case law, the statute of limitations for malicious interference with the right to inherit claims is three years. *See* N.C. Gen. Stat. § 1-52(1) (contract-related actions), § 1-52(5) ("for any other injury to the person or rights of another, not arising on contract and not hereafter enumerated"). In finding that a cause of action exists for malicious interference with the right to inherit, the North Carolina Supreme Court noted that "[i]f the plaintiff can recover against the defendant for the malicious and wrongful interference with the making of a contract, we see no good reason why he cannot recover for the malicious and wrongful interference with the making of a will." *Bohannon v. Wachovia Bank & Tr. Co.*, 210 N.C. 679, 188 S.E. 390, 394 (1936). The Courts have clearly held that a three-year statute of limitations applies to a tortious interference with contract claim, the claim to which the Supreme Court analogized in recognizing a claim for malicious interference in the making of a will. *See Glynne v. Wilson Med. Ctr.*, 236 N.C. App. 42, 48-49, 762 S.E.2d 645, 649 (2014) ("Plaintiff's … tortious interference with contract … claims are subject to three year statutes of limitations"); *see also Philips v. Pitt Cty. Mem'l Hosp. Inc.*, 222 N.C. App. 511, 520, 731 S.E.2d 462, 468-69, *writ denied, review denied, appeal dismissed*, 366 N.C. 410, 734 S.E.2d 862 (2012); N.C. Gen. Stat. § 1-52(5).

Mr. Falls died on May 11, 2015. Applying a three-year statute of limitations to Falls III's claim of malicious interference with the right to inherit, the statute of limitations ran on May 11, 2018. Plaintiffs did not make their second motion to amend the complaint until June 17, 2018. (Docket 226.) Therefore, Plaintiffs' motion to amend their claim for

8

malicious interference with the right to inherit to add Ledford as a defendant was not made until almost a month after the statute of limitations ran.[6] "[T]he so-called 'discovery rule' is inapplicable" to Plaintiffs' claim for malicious interference with the right to inherit because "it tolls the running of the statute of limitations only for torts alleging 'personal injury or physical damage to claimant's property[.]'" *Philips*, 222 N.C. App. at 520, 731 S.E.2d at 469, n.9 (citing N.C. Gen. Stat. § 1-52(16)). Plaintiffs' malicious interference with the right to inherit claim does not allege any personal injury or physical damage to their property.

Federal Rule of Civil Procedure 15(c) allows certain amendments to relate back to the date of the original pleading. *See Wilson v. U.S. Gov't*, 23 F.3d 559, 562 (1st Cir. 1994) ("When a plaintiff amends a complaint to add a defendant, but the plaintiff does so <u>subsequent</u> to the running of the relevant statute of limitations, then Rule 15(c)(3) controls whether the amended complaint may 'relate back' to the filing of the original complaint and thereby escape a timeliness objection.") (emphasis in original). Yet, Rule 15(c) does not "apply when the policies underlying limitations rules may be trampled." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 471 (4th Cir. 2007) (*en banc*). Moreover, Rule 15(c) "must be applied especially cautiously when an amendment that 'drags a new defendant into a case' is proposed." *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006).

Here, Plaintiffs' proposed amendment seeking to add Ledford as a defendant is barred under Rule 15(c)(1)(C). That statute states:

---

[6] The statute of limitations has clearly run as to Falls III, making his proposed claim against Ledford futile. Additionally, Falls III's minor son, J.B.F., was not named as a beneficiary of the Revocable Trust or any of its amendments. Therefore, J.B.F.'s motion to amend the complaint is futile. Although the statute of limitations may not have expired as to Falls III's minor daughters, M.E.F. and L.C.F., who are named in certain trust documents, their motion to amend the complaint is futile and should be denied for the other reasons stated herein.

An amendment to a pleading relates back to the date of the original pleading when:

…

(C) <u>the amendment changes the party or the naming of the party against whom a claim is asserted</u>, <u>if Rule 15(c)(1)(B) is satisfied</u> and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

(i) <u>received such notice of the action</u> that it will not be prejudiced in defending on the merits; and

(ii) knew or should have known that <u>the action would have been brought against it, but for a mistake concerning the proper party's identity</u>.

Fed. R. Civ. P. 15(c)(1)(C) (emphasis added). Although the claim against Ledford "arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading," as is required by Rule 15(c)(1)(B), none of the other requirements in Rule 15(c) are met.

Plaintiffs' amendment to add Ledford does not "change[] the party or the naming of the party against whom the claim is asserted." Fed. R. Civ. P. 15(c)(1)(C). In an unpublished case, the Fourth Circuit held that Rule 15(c) "permits a plaintiff to name a new defendant <u>in place of</u> an old one, but does not permit a plaintiff to name a new defendant <u>in addition to</u> the existing ones." *Onan v. Cty. of Roanoke, Va.*, 52 F.3d 321 (4th Cir. 1995) (unpublished) (emphasis in original). The Eastern District of North Carolina similarly stated that Rule 15(c) "is not to be used to … add a defendant by amendment after the statute of limitations has run." *Foy v. Bank of America Corp., et al.*, No. 5:04-CV-944-FL(1), 2005 WL 8159359, at *4 (E.D.N.C. June 15, 2005).

Here, Plaintiffs' proposed Second Amended Complaint seeks to name a new defendant, Ledford, not in place of an old defendant but <u>in addition to</u> the existing defendants. As the Fourth Circuit found in *Onan*, Plaintiffs' amendment cannot not relate

10

back to the original filing date under Rule 15(c).  Therefore, Falls III's claims against Ledford are barred by the applicable three-year statute of limitations which ran before this motion was made and are futile.

When an "amended complaint adds an additional party and therefore does not relate back, it is unnecessary to decide whether these additional Rule 15(c)(3) requirements were met." *Onan*, 52 F.3d at 321 n.3.  However, Plaintiffs' amendment to add Ledford as a defendant runs afoul of the other provisions of Rule 15(c).

Rule 15(c)(1)(C)(ii) also requires that Ledford "knew or should have known that the action would have been brought against [her], but for a mistake concerning the proper party's identity." *See also Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 553-54 (2010) ("the question under Rule 15(c)(1)(C)(ii) is what the prospective defendant reasonably should have understood about the plaintiff's intent in filing the original complaint against the first defendant.").

Plaintiffs claim that new information is what has led them to seek to add Ledford at this late stage.  Although Rule 15(c)(1)(C)(ii) "speaks broadly of a 'mistake concerning the identity of the proper party,'" the Fourth Circuit has "in analyzing the scope of this rule, distinguished between mistake due to a lack of knowledge and mistake due to a misnomer." *Locklear v. Bergman & Beving AB*, 457 F.3d 363, 366 (4th Cir. 2006).  It ruled that Rule 15(c) "permits an amendment to relate back <u>only where there has been an error made concerning the identity of the proper party</u>." *W. Contracting Corp. v. Bechtel Corp.*, 885 F.2d 1196, 1201 (4th Cir. 1989) (emphasis added) (quoting *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980) (citation omitted)).  A person who has not been named yet in a lawsuit "by the time the statute of limitations has run is entitled to repose—unless it is or should be apparent to the person that he is the beneficiary of a mere <u>slip of the pen</u>[.]" *Id.* at 366 (emphasis added) (quoting *Rendall-Speranza v. Nassim*, 107 F.3d 913, 918 (D.C. Cir.

11

1997)).

In contrast, "we have not viewed lack of knowledge of the proper party to be sued as a 'mistake' as that term is used" in Rule 15(c). *Locklear*, 457 F.3d at 366. In *Locklear*, the plaintiff attempted to substitute two defendants for two previous defendants after the statute of limitations had passed. *Id.* at 365. The Fourth Circuit found that this substitution did not qualify as a mistake because the plaintiff merely "lacked the requisite knowledge" to add the defendants and allowing the substitution would "erode the distinction between misidentification and lack of knowledge which we have held to be inherent in the meaning" of Rule 15(c). *Id.* 457 F.3d at 367.

Here, there was no misidentification or "slip of the pen" when Plaintiffs did not include Ledford as a defendant in the Complaint, filed on August 12, 2016, or the First Amended Complaint, filed on December 19, 2017. Plaintiffs chose to not include Ledford as a defendant, despite having information about her role as a witness. In Plaintiffs' Initial Disclosures, which were served on January 11, 2017, Plaintiffs listed Nancy Ledford as an individual likely to have discoverable information "relating to relevant issues including, but not limited to, Ralph Falls Jr.'s bookkeeping and finances, Ralph L. Falls Jr.'s physical and mental health, the relationship between Ralph L. Falls Jr. and Dianne Sellers, and Dianne Sellers's conduct in regard to the inheritance of Plaintiff." (Exhibit H.) Moreover, Ledford produced hundreds of pages of documents in response to Plaintiffs' subpoena, served on February 6, 2017, which requested "all documents and correspondence (emails, letters, etc.) relating to gifts, loans, or any transfers of any kind made by Ralph Falls, Jr. to Ralph Falls III, Louise Falls Cone, Mary Cooper Falls Wing, and Diane [sic] Sellers; and all correspondence with Diane [sic] Sellers, Walter Burwell, John Bode, John Hine, and Louise Falls Cone relating to Ralph Falls, Jr." (Exhibit I.) Both Plaintiffs' Initial Disclosures and Ledford's subpoena responses were finalized before Plaintiffs' motion for leave to the First

Amended Complaint.

To the extent Plaintiffs claim that new information and evidence was discovered during discovery and litigation of the Loan Action, Ledford testified during that trial on March 27, 2018 and March 28, 2018, before the statute of limitations on the claims ran on May 11, 2018. However, the claim that Plaintiffs discovered new information during the Loan Action rings hollow in light of the long-standing animus that Falls III expressed toward Ledford. In fact, Falls III made accusations against Ledford while his father was still alive, prompting Mr. Falls to sign a letter to Ledford on February 14, 2014 which stated "[s]hould [Falls III] decide to take action against you, I will engage counsel to defend you and will indemnify you against any expenses which may result." (Exhibit J.) Under such circumstances, there can be little credence to the idea that Plaintiffs had no concerns regarding Ledford prior to the trial of the Loan Action in March of 2018.

Finally, Ledford never "receive[d] such notice of the action that [she] will not be prejudiced in defending on the merits." Fed. R. Civ. P. 15(c)(1)(C)(i). The Fourth Circuit found that "when a person would reasonably believe that the time for filing suit had expired, without having been given notice that it should have been named in an existing action, that person is entitled to repose." *Goodman v. Praxair, Inc.*, 494 F.3d 458, 472 (4th Cir. 2007); *see also Penn Millers Ins. Co. v. United States*, 472 F. Supp. 2d 705, 715 (E.D.N.C. 2007) (noting that "the Fourth Circuit has held that not receiving notice within the time frame of Rule 15(c) and thereby losing a statute of limitations defense under the FTCA is prejudicial").

Rule 15(c) does not allow Falls III's attempt to add Ledford as a defendant to their claim for malicious interference with the right to inherit after the statute of limitations has run to relate back to the filing of their original complaint. Plaintiffs filed this motion on June 17, 2018, when the date in the Case Management Order to amend pleadings or add

parties was set to expire on June 18, 2018. (Docket 190.) The Case Management Order, however, cannot extend the time for filing as to a claim or a potential defendant when the time to do so has expired under the applicable statute of limitations. *See Duka v. Lake Cty. Ohio*, No. 1:12 CV 1683, 2014 WL 1761949, at *3 n.4 (N.D. Ohio May 1, 2014) (rejecting an argument by the plaintiff that "this Court's Case Management Order permitting amendment of the pleadings and joinder of new parties renders moot any statute of limitations argument"); *Khan v. Lincoln Ben. Life Co.*, No. 3:05-0771, 2006 WL 1006804, at *4 (M.D. Tenn. Apr. 14, 2006) (dismissing claims based on the statute of limitations even though "the deadline for moving to amend the pleadings under the Initial Case Management Order" had not run). Therefore, this amendment is futile and should not be allowed.

### B. Plaintiffs' Motion for Leave to File Second Amended Complaint is Made in Bad Faith.

Plaintiffs' second motion to amend the Complaint was made in bad faith. "Bad faith amendments are those which may be abusive or made in order to secure some ulterior tactical advantage." *GSS Properties, Inc. v. Kendale Shopping Ctr., Inc.*, 119 F.R.D. 379, 381 (M.D.N.C. 1988) (citing 6 C. Wright & A. Miller, *Federal Practice and Procedure,* § 1487 n.63 (1971 and 1987 Supp.)). "[B]ad faith in plaintiff's withholding facts clearly known to it prior to the filing of the complaint and then moving to amend the complaint where the evidence suggests that plaintiff had an ulterior purpose of either attempting to force defendant to settle or punishing defendant for failing to settle." *Id.*

Plaintiffs state that the "proposed amendment is based on evidence discovered by Plaintiffs[] regarding of the conduct of the Defendants since the filing of the initial Complaint in this case." (Docket 227 p. 8.) Plaintiffs further contend that they are "seeking leave to amend now to more accurately align the pleadings with the information and

14

evidence gleaned during the discovery process and in the litigation of the Loan Case." (*Id.*) Two entirely new claims are added against Sellers and Louise Cone: Count III (unjust enrichment against Sellers and Louise Cone) and Count IV (breach of fiduciary duty against Sellers). However, Plaintiffs' proposed Second Amended Complaint does not include or specify any of this newly discovered information and evidence.

When motions to amend complaints are granted, the newly discovered information and evidence is apparent to the court. *See TFFI Corp. v. Williams*, No. CIV.A. DKC 13-1809, 2015 WL 5008708, at *2 (D. Md. Aug. 20, 2015) (finding that "Plaintiff has met its burden for leave to amend its complaint" because "Plaintiff makes the other changes to the complaint in response to new information from the OIG Report, information that was previously not known due to Defendants' allegedly fraudulent actions"). In contrast, courts have denied motions for leave to amend a complaint where the plaintiff "has not stated what new information has surfaced, when the information surfaced, or why the information was not available to Plaintiff sooner." *Holland v. Washington Homes, Inc.*, No. CIV.A.DKC2004-3581, 2006 WL 4748824, at *5 (D. Md. Dec. 14, 2006), *aff'd*, 487 F.3d 208 (4th Cir. 2007) (using the "good cause" standard under Rule 16 because the plaintiff's motion for leave to amend was made after the scheduling order deadline passed).

Here, the only substantive new piece of information from the Second Amended Complaint is contained in Paragraph 92 which states "Upon information and belief, just four days before Decedent died, Goldman Sachs transferred $300,000 to Decedent's Wells Fargo account based on the request of Sellers. Those funds were no longer in the account when Decedent died on May 11, 2015." (Docket 226-2, ¶ 92.) Apparently, this paragraph contains all of the factual information to support Plaintiffs' new allegations in Count III

15

(unjust enrichment against Sellers and Louise Cone)[7] and Count IV (breach of fiduciary duty against Sellers). In fact, the documents Plaintiffs apparently rely on to support this unfounded allegation were produced by Goldman Sachs on April 26, 2017. Those same documents also show a corresponding payment of $300,000 of debt on Mr. Falls' home equity line, thus demonstrating the benign nature of any transfer.

To the extent that Plaintiffs' new claim for unjust enrichment against Sellers and Louise Cone is based on distributions to the beneficiaries of the Revocable Trust, this is not new information or evidence. Goldman Sachs provided information to Plaintiffs related to the Trust value and distributions prior to the June 5, 2017 mediation. However, Plaintiffs chose to not include any claim for unjust enrichment in their June 23, 2017 Motion for Leave to File Amended Complaint. (Docket 125.) Instead, Plaintiffs delayed over a year to make a motion adding this claim.

Moreover, there has been no new discovery since Plaintiffs' First Amended Complaint was filed on December 19, 2017. The limited discovery period ended on May 12, 2017. Since that date, no party has served additional interrogatories, requests for production of documents, requests for admissions, or subpoenas. Additionally, no depositions have been taken to date in this lawsuit. It is thus not clear what information and evidence Plaintiffs "gleaned during the discovery process" that is contained in the proposed Second Amended Complaint. The only new facts or evidence Plaintiffs may have learned occurred during the litigation of the Loan Action. However, Plaintiffs have not included any of these facts or evidence from the trial of the Loan Action in their proposed Second Amended Complaint. Notably, the Cone Defendants had no involvement in the trial

---

[7] Although Plaintiffs identify Louise Cone as a defendant to Plaintiffs' new unjust enrichment claim, to the extent that this $300,000 transfer is the basis for that claim, there is no information or evidence linking Louise Cone or any of the Cone Defendants to that transaction.

16

of the Loan Action—they were neither parties nor witnesses to the trial.

Additionally, Plaintiffs have multiplied the amount of litigation related to this matter in an effort to secure a tactical advantage. Plaintiffs seek to increase costs and pressure the opposing parties seemingly to either settle the case or exhaust the trust in defense of the multiplying matters. In addition to this federal case, the number of state lawsuits related to this matter has increased to five: *Falls III v. Cone* (17 CVS 3947); *Falls III v. Bode* (17 CVS 3283); *In re Estate of Ralph L. Falls, Jr.* (15 E 1997); *Wing v. Goldman Sachs* (18 CVS 5916); and *Falls III v. Goldman Sachs* (18 CVS 5830).

The first two state court cases, *Falls III v. Cone* (17 CVS 3947) and *Falls III v. Bode* (17 CVS 3283), were filed by Falls III and Wing on March 16, 2017 and March 31, 2017, during the limited discovery period. (Exhibit K, Exhibit L.) The first lawsuit attacked separate trust documents of which the Cone Defendants were primary beneficiaries and raised nearly identical allegations about undue influence and incapacity as in this action. (Exhibit K ¶¶ 26-39.) The second lawsuit, filed two weeks later, sought to stop monthly distributions made to the Cone Defendants under the Louise Falls Cone GST Trust and asserted the same allegations about undue influence and incapacity. (Exhibit L ¶¶ 47-65.) The third state court case, *In re Estate of Ralph L. Falls, Jr.* (15 E 1997), was filed by Wing on November 13, 2017, and seeks for Mr. Falls' July 17, 2014 will to be declared invalid based on alleged lack of capacity and undue influence. (Exhibit M.) A fourth state court case, *Wing v. Goldman Sachs* (18 CVS 5916), was filed by Wing on May 10, 2018 and has been amended to contain claims for: (1) invalidity of trust amendments – N.C. Gen. Stat. § 36C-6-604; (2) annulment – N.C. Gen. Stat. § 51-3; (3) malicious interference with the right to inherit; (4) unjust enrichment; and (5) wrongful distributions – N.C. Gen. Stat. § 36C-6-604. (Exhibit N.) On May 29, 2018, Wing moved to consolidate all these four state court cases, (exhibit O), as well as a fifth case, *Falls III v. Goldman Sachs* (18 CVS 5830).

17

Although Falls III's latest state court case has not been served and the purported defendants had no idea it existed until its inclusion in Wing's Motion, it is apparently yet another lawsuit filed by Falls III. (Exhibit P (without exhibits attached).) Falls III has not yet served the complaint in his state court case on any of the defendants. That case is instructive in that it is closely related to Plaintiffs' proposed Second Amended Complaint at issue here. Both complaints include Ledford as a defendant. Additionally, as shown on the table below, both complaints contain many of the same causes of actions:

| Proposed Second Amended Complaint (federal court) | Complaint (state court) |
| --- | --- |
| (1) declaratory judgment – trust amendments are invalid | (1) declaratory judgment – trust amendments are invalid |
| (2) malicious interference with the right to inherit as to Sellers, Ledford, and Louise | (2) malicious interference with the right to inherit as to Sellers, Ledford, and Louise |
| (3) unjust enrichment | |
| (4) breach of fiduciary duty | |
| (5) wrongful distributions – N.C. Gen. Stat. § 36C-6-604 | |
| (6) injunctive relief | (3) injunctive relief |
| (7) alternative declaratory judgment – enforcement of lease provision of fourth and fifth amendments, breach of contract | (4) alternative declaratory judgment – enforcement of lease provision of fourth and fifth amendments, breach of contract |

More specifically, Plaintiffs' motion to amend to add Ledford as a defendant to this federal lawsuit is made in bad faith. Ledford testified during the loan trial; however, it is unclear what information Plaintiffs learned from Ledford's testimony that would justify adding her as a defendant. Notably, Ledford is not a beneficiary under Mr. Falls' estate plan. Ledford therefore gained nothing by her alleged interference with Plaintiffs' right to inherit. Instead, because Plaintiffs point to no new information or evidence, Plaintiffs apparently concluded that Ledford's testimony at the Loan Trial was unfavorable and they added her as a defendant in bad faith. In fact, Plaintiffs' Proposed Second Amended Complaint contains no factual allegations specific to Ledford. Her name is simply added to

18

factual allegations that were already contained in the First Amended Complaint but had been alleged only against Sellers and Louise Cone.

Plaintiffs' multiple case filings in both federal and state court as well as their claim against a new defendant, Ledford, demonstrate that their ulterior motive is to secure a tactical advantage in this case by running up the costs through litigation and diminishing the assets in the trust. Plaintiffs' motion to amend is made in bad faith and should be denied.

**C. Plaintiffs' Motion for Leave to File a Second Amended Complaint will Prejudice the other Parties.**

By seeking to add Ledford as a defendant in this matter, Plaintiffs prejudice the other defendants in this matter.

Plaintiffs' contention that "additional discovery, if any, that would be required by the proposed amendment would be minimal" is inaccurate. (Docket 227 p. 6.) If Plaintiffs are allowed to add Ledford as a new defendant in this lawsuit, her discovery period would begin anew. Ledford has not had the opportunity to serve or answer interrogatories from the other parties. Similarly, Ledford has not had the opportunity to seek or produce documents from the other parties, apart from the documents that she produced in response to Falls III's and Wing's subpoenas.

Because Ledford was not a party to this lawsuit, she had minimal participation in either the initial discovery period or the period that is currently ongoing. However, Falls III and Wing both served expansive subpoenas on Ledford during the initial limited discovery period. (Exhibit I; Exhibit Q.) Prior to receiving these subpoenas, Ledford had provided many hard copy documents to Sellers, which included all of the emails Ledford had retained that were responsive to these subpoenas. Counsel for Sellers produced these documents as part of Sellers' responses to the Falls III's discovery requests, with bates

19

numbers identifying Ledford as the source of those documents. Similarly, Ledford provided certain documents to counsel for Goldman Sachs which she believed were responsive to Falls III's subpoena, which they copied, bates numbered, and produced on February 17, 2017.

### D. Plaintiffs' Motion for Leave to File a Second Amended Complaint was Made after Undue Delay.

Plaintiffs' proposed Second Amended Complaint was made after undue delay. "[A] motion to amend should be made as soon as the necessity for altering the pleading becomes apparent. A party who delays in seeking an amendment is acting contrary to the spirit of the rule." *Deasy v. Hill*, 833 F.2d 38, 41 (4th Cir. 1987) (quoting 6 Wright & Miller, *Federal Practice and Procedure* § 1488 (1971)). Thus, as a rule, "[a] motion for leave …, should be made as soon as the necessity for altering the pleading becomes apparent because the risk of substantial prejudice increases with the passage of time." *Fed. Deposit Ins. Corp. v. Kerr*, 650 F. Supp. 1356, 1363 (W.D.N.C. 1986) (holding that "the FDIC's reasons for delay in amending are insufficient without due cause, the prejudice to the Defendants if leave is allowed is too great, and the hardship to the FDIC if leave is denied is outweighed by the factors of delay and prejudice").

Here, Plaintiffs claim that their second proposed amended complaint is timely because the "deadline for the parties to amend the pleadings in this case, as established by the Case Management Order, is June 18, 2018." (Docket 227, p.7.) However, as noted above in Section A(1), the statute of limitations passed on May 11, 2018, a month before Plaintiffs sought this amendment. The Case Management Order does nothing to change the statute of limitations for the claims in a lawsuit. *See Duka v. Lake Cty. Ohio*, No. 1:12 CV 1683, 2014 WL 1761949, at *3 n.4 (N.D. Ohio May 1, 2014); *Khan v. Lincoln Ben. Life Co.*, No. 3:05-0771, 2006 WL 1006804, at *4 (M.D. Tenn. Apr. 14, 2006).

Moreover, as noted above in Section B, there has been no additional written discovery or exchange of documents since Plaintiffs filed their first motion to amend the complaint, on June 23, 2017. To the extent that Plaintiffs base their proposed amended complaint on testimony from the Loan Trial, that trial concluded on March 29, 2018. Therefore, Plaintiffs' motion for leave to amend the complaint was not made as soon as the necessity for altering the pleading becomes apparent and should be denied.

## Conclusion

For the reasons stated herein, Plaintiffs' Motion for Leave to File Amended Complaint should be denied.

This the 8th day of August, 2018.

/s/ Leslie C. Packer
Leslie C. Packer
N.C. State Bar No. 13640
Alex J. Hagan
N.C. State Bar No. 19037
Troy D. Shelton
N.C. State Bar No. 48070
ELLIS & WINTERS LLP
P.O. Box 33550
Raleigh, North Carolina 27636
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
leslie.packer@elliswinters.com
alex.hagan@elliswinters.com
emily.erixson@elliswinters.com
troy.shelton@elliswinters.com

*Counsel for Defendants Louise Falls Cone,*
*Toby Cone, Gillian Falls Cone, and K.L.C.*

/s/ Allison Mullins
Alan W. Duncan
N.C. State Bar No. 8736
Allison Mullins
N.C. State Bar No. 23430
MULLINS DUNCAN HARRELL
   & RUSSELL PLLC
300 N. Greene St., Suite 2000
Greensboro, NC 27401
Telephone: (336) 645-3320
Facsimile: (336) 645-3330
aduncan@mullinsduncan.com
amullins@mullinsduncan.com

*Counsel for Defendant Dianne C. Sellers*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically using the Court's CM/ECF system, which will automatically send email notification of such filing to all attorneys of record in this case.

This the 8th day of August, 2018.

/s/ Allison Mullins
Allison Mullins