IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:16-cv-740-FL

| | |
|---|---|
| RALPH L. FALLS, III, M.E.F, by her next friend and parent, Ralph L. Falls III, L.C.F., by her next friend and parent, Ralph L. Falls III, and J.B.F., by his next friend and parent, Ralph L. Falls III,<br><br>Plaintiff,<br><br>v.<br><br>GOLDMAN SACHS TRUST COMPANY, N.A., as Executor of the Estate of RALPH L. FALLS, JR., GOLDMAN SACHS TRUST COMPANY, N.A., as Trustee of the RALPH LANE FALLS REVOCABLE DECLARATION OF TRUST, DIANNE C. SELLERS, LOUISE FALLS CONE, individually and on behalf of her minor children and unborn issue, TOBY CONE, MARY COOPER FALLS WING, individually and on behalf of her minor children and unborn issue, GILLIAN FALLS CONE, individually and on behalf of her minor children and unborn issue, and K. L. C., by her next friends and parents, Louise Falls Cone and Toby Cone,<br><br>Defendants. | |

## TRUSTEE'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

Defendant Goldman Sachs Trust Company, N.A., as Executor of the Estate of

Ralph L. Falls, Jr., and as Trustee of the Ralph Lane Falls Revocable Declaration of

Trust ("Trustee"), pursuant to Fed. R. Civ. P 15(a) and EDNC L.R. 7.1(f)(2) and

15.1, submits this opposition to Plaintiffs' motion to amend their complaint. (D.E. 226).

## INTRODUCTION

Plaintiffs move to amend the complaint in this matter for the second time. This amendment, coming shortly after Ralph L. Falls III ("Ralph III") lost the Loan case at trial, appears motivated by a desire to punish those he feels are responsible for that verdict against him. So now Plaintiffs seek to sue (i) the Trustee, albeit "in its individual corporate capacity,"---the same Trustee that, as Executor of the Estate of Ralph Lane Falls, Jr. (the "Estate"), obtained the Loan case verdict, and (ii) even more astonishingly, Nancy Ledford, the elderly, retired bookkeeper for Ralph Falls, Jr. ("Ralph Jr."), a woman of limited means, who testified in the Loan case as a witness for the Estate. Viewed in this light, the Trustee believes the cynical proposed amendments should be met with inherent skepticism by the Court. Regardless of context, however, as explained in detail below, Plaintiffs' motion should be denied for several reasons.

First, the proposed amendments would be futile in several respects:

- As a threshold matter, Plaintiffs seek to assert claims against the Trustee for allegedly wrongful distributions "in its individual corporate capacity" when the amended complaint itself makes it clear that the Trustee acted only in the capacity of trustee and not individually.

- Plaintiffs lack standing to bring their new proposed claims for "Wrongful Distributions" (proposed Count V) and "Injunctive Relief" (proposed Count

VI) against the Trustee. Simply put, Plaintiffs are not beneficiaries under the Fifth Amendment and have not suffered any actual or concrete injuries as a result of the Trustee's alleged actions (in any "capacity"). Thus, Plaintiffs lack standing and this Court has no subject matter jurisdiction over these proposed claims.

- The proposed amended complaint also plainly fails to state any valid claims against the Trustee. Plaintiffs rely on a North Carolina statute that only applies to actions to *invalidate* a trust *in its entirety*, whereas Plaintiffs seek to invalidate only *certain amendments* to the trust – not the trust itself. Plaintiffs cannot bring a claim for "wrongful distribution" against a trustee under North Carolina law when the action does not seek to invalidate the trust in its entirety.

- Plaintiffs' motion to amend should also be denied because of undue delay. Plaintiffs have had sufficient information about the Trust assets and distributions made to beneficiaries in order to bring the new claims in the amended complaint over a year ago. Yet they chose not to, likely because they knew they had no such claims, until Ralph III lost the Loan case at trial.

Second, Plaintiffs' motion to amend seeks to add Ralph Jr.'s former bookkeeper, Nancy Ledford, as a defendant. Beyond betraying the motivation for the proposed amendments, any claims against Ms. Ledford are now barred by the statute of limitations and dismissable for the same reasons set forth by the

3

beneficiaries in their pending motions to dismiss, and should therefore also be denied as futile.

## NATURE OF CASE AND RELEVANT FACTS

Ralph III filed this case in August 2016, seeking a declaratory judgment that the Fifth Amendment to the Revocable Declaration of Trust by Ralph Lane Falls, Jr. (the "Fifth Amendment") is invalid due to the alleged mental incapacity of Ralph III's deceased father Ralph Jr., or because of undue influence allegedly exerted upon him by the beneficiaries of the Trust. (D.E. 1).[1] The original complaint also sought damages from the Estate for damages to real property in Morehead City, North Carolina, and for rent allegedly owed to Ralph III under a lease agreement.

Subsequent to a Court scheduling conference in January 2017, the parties embarked on a limited discovery period to see whether a global resolution of all matters could be reached. On May 1, 2017, the Court dismissed Ralph III's breach of lease claim as barred by the statute of limitations. (D.E. 102.)

The parties engaged in a global mediation in early June 2017. Prior to the mediation, confidential information was produced to Plaintiffs regarding the Trust value and expenditures to date. While Plaintiffs were not provided with an

---

[1] There were five amendments to the Ralph Lane Falls Jr. Revocable Trust (the "Revocable Trust"): (1) the First Amendment to the Revocable Trust (the "First Amendment") executed on December 14, 2012; (2) the Second Amendment to the Revocable Trust (the "Second Amendment") executed on January 7, 2013; (3) the Third Amendment to the Revocable Trust (the "Third Amendment") executed on February 19, 2014; (4) the Fourth Amendment to the Revocable Trust (the "Fourth Amendment") executed on July 17, 2014; and (5) the Fifth Amendment executed on December 10, 2014. On January 27, 2014, another document was executed which was incorrectly denominated as the "First Amendment to the Revocable Trust," and chronologically was replaced by the Third Amendment a few weeks later.

accounting of all transactions in the Trust, the information provided to Plaintiffs reflected distributions made to the beneficiaries. Plaintiffs were also aware, prior to the mediation, that the Trustee had distributed the contents of Ralph Jr.'s house on Cowper Drive in Raleigh to the beneficiaries.

Over a year ago, on June 23, 2017, *after the mediation and production of information regarding trust distributions,* Ralph III moved for the first time to amend his complaint. His motion came in response to Defendant Dianne Sellers' ("Sellers") motion for partial judgment on the pleadings. Sellers' motion noted that because Ralph III was not entitled to any recovery under the Fourth Amendment, which would have been the applicable amendment if the Fifth Amendment was declared to be invalid, Ralph III could not recover anything in this case. Ralph III therefore moved to amend to seek to invalidate any trust amendment that "disinherited" Plaintiffs. *He did not move to amend to invalidate the trust itself and did not assert any claim for wrongful distributions.* The Court granted Plaintiffs' motion, and on December 19, 2017, Plaintiffs filed their first Amended Complaint.

That operative Amended Complaint is now the subject of motions to dismiss filed by all of the Defendants that are *sub judice*. Also, Ralph III's sister, Defendant Mary Cooper Falls Wing ("Wing"), has asserted cross-claims in this action similar to the claims asserted by Ralph III. Wing's claims are also the subject of pending motions to dismiss. However, Wing has conceded that her claims were without subject matter jurisdiction due to the probate exception to federal jurisdiction and has also moved for a voluntary dismissal.

5

On June 1, 2018, Plaintiffs moved to amend their complaint for a second time. This proposed amendment would add new claims against the Trustee and the beneficiary Defendants. And, although this case is now almost two years old, Plaintiffs now also want to add Nancy Ledford, Ralph, Jr.'s retired and elderly former bookkeeper, as a defendant on Plaintiffs' claim for "Malicious Interference with Right to Inherit."

As to the Trustee, Plaintiffs now seek to add a claim for "Wrongful Distributions" against Goldman Sachs Trust Company, N.A., albeit "in its individual corporate capacity." (DE 226-2, pp. 31-32). In support of its claim for "Wrongful Distributions" against the Trustee "in its individual corporate capacity," Plaintiffs cite N.C. Gen. § 36C-6-604, a statute only applicable to actions contesting the validity of a trust. Here, Plaintiffs have asserted no claims contesting the validity of the trust, they only challenge certain amendments to the trust.

Purportedly pursuant to this same statute, Plaintiffs also seek to add an additional "claim" against the Trustee (this time, only in its "capacity" as Trustee) for "Injunctive Relief." This claim seeks an order directing the Trustee to not make any further distributions to the Trust beneficiaries until the issue of the validity of the trust amendments is resolved. (*Id.* pp. 32-33.) None of the proposed amendments seek to cure the deficiencies identified in the pending motions to dismiss. (See DE 200 – 201).

The proposed amended complaint also seeks to add additional claims against the Trust beneficiaries, which the Trustee understands they will address in their

response to the motion to amend. In short, the second Amended Complaint would add a claim for "Unjust Enrichment" against all beneficiaries, and would also add a claim for "Breach of Fiduciary Duty" against Sellers. These claims do not appear to be based on any "new" information.

**ARGUMENT**

**I.    THE MOTION TO AMEND SHOULD BE DENIED AS FUTILE.**

Although a court should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), justice requires the opposite result here. Indeed, a court has "ample discretion to deny a motion to amend as long as the court does not outright refuse to grant the leave without any justifying reason." *Equal Rights Ctr. v. Niles Bolton Assoc.,* 602 F.3d 597, 603 (4th Cir. 2010)). Such a motion may plainly be denied when the amendment would be futile. *Brown v. Winman,* No. 5:15-cv-59-BO, 2016 WL 868193, at * 1 (E.D.N.C. Mar. 7, 2016) (citing *Laber v. Harvey,* 438 F.3d 404, 426 (4th Cir. 2006)). A proposed amended complaint is futile where it "fails to state a claim under the applicable rules and accompanying standards." *Katyle v. Penn Nat. Gaming, Inc.,* 637 F.3d 462, 471 (4th Cir. 2011). An amendment may also be denied for undue delay. *Wise v. U.S. Dep't of Agriculture*, 2014 WL 5460606 (E.D.N.C. 2014). As set forth below, Plaintiffs' proposed amendment fails to state any valid new claims against the Trustee and they delayed too long in bringing their claims.

    **A. Plaintiffs have alleged no basis to sue the Trustee "in its individual corporate capacity."**

Plaintiffs seek to add a claim against the Trustee "in its individual corporate capacity" for making allegedly wrongful distributions in violation of N.C. Gen. Stat. §

7

36C-6-604. But, the amended complaint otherwise makes clear (as is obvious) that the Trustee acted at all times solely in its capacity as trustee. Thus, for example, in paragraph 88 of the proposed amended complaint, Plaintiffs allege that "Goldman Sachs, *as Trustee*" (emphasis added) made the distributions from the Trust, including those that are the subject of its proposed new claims against the Trustee. Absurdly, absent allegations as to how the Trustee acted in some other "individual" capacity, the claim is negated by the proposed amended complaint itself.

Further, the statute on which the Plaintiffs premise their new claim supports this conclusion. N.C. Gen. Stat. § 36C-6-604 states, in relevant part:

> (b) Upon the death of the settlor of a trust that was revocable at the settlor's death, the trustee may proceed to distribute the trust property in accordance with the terms of the trust. *The trustee is not subject to liability for doing so unless*:
>
>> (1) The trustee knows of a pending judicial proceeding contesting the validity of the trust; or
>>
>> (2) A potential contestant has notified the trustee of a possible judicial proceeding to contest the trust, and a judicial proceeding is commenced within 60 days after the contestant sent the notification.
>
> (c) A beneficiary of a trust that is determined to have been invalid is liable to return any distribution received.

N.C. Gen. Stat. § 36C-6-604 (emphasis added). The statute does not embrace the proposed distinction between "Trustee" and "individual" capacity. Rather, the *trustee* merely faces direct liability for making distributions in violation of the statute.

8

### B. Plaintiffs do not have standing to challenge the Trustee's distributions.

To establish subject matter jurisdiction, a plaintiff must demonstrate standing. An essential element of standing to sue is the allegation of a "concrete injury." *Dreher v. Experian Information Solutions, Inc.,* 856 F.3d 337, 343 (4th Cir. 2017) (citing *Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1547 (2016)).

Plaintiffs lack standing to add their new claims against the Trustee because they do not allege any "concrete injury." Specifically, a trustee has a duty of loyalty only to the beneficiaries of a trust. *See THZ Holdings, LLC v. McCrea,* 231 N.C. App. 482, 485, 753 S.E.2d 344, 348 (2013); *see also* N.C. Gen. Stat. § 36C-8-802(a) ("A trustee shall administer the trust *solely* in the interests of beneficiaries.") (emphasis added). Accordingly, as the North Carolina Court of Appeals held in *Yost v. Yost,* 213 N.C. App. 516, 521, 713 SE.2d 758, 763 (2011), "only beneficiaries have standing to sue to enforce a trust . . . or . . . can maintain a suit against the trustee to . . . enjoin redress for a breach of the trust." Similarly, under N.C. Gen. Stat. § 36C-10-1001, only "beneficiaries and co-trustees have standing to bring a petition to remedy a breach of trust." A non-beneficiary simply lacks standing to seek to enforce the terms of a trust.

The principle that only beneficiaries and persons with a direct interest in a trust (such as a co-trustee) have standing to bring an action against a trustee has also been confirmed by other courts. Thus, as the Second Circuit recognized in *Rajamin v. Deutsche Bank Nat. Trust Co.,* 757 F.3d 79, 88 (2d Cir. 2014, "[w]here challengers to a trustee's actions are not beneficiaries, and hence lack standing, the court need not

9

decide whether the conduct of trustees comported with the terms of the trust." Other courts have held the same; the law is well-settled. *Lee v. Rogers Agency,* 517 S.W.3d 137 (Ct. App. Tex. 2016) ("[A] settlor who "does not manage any aspects of the Trust and does not stand to inherit any of the trust assets is not an interested person who has standing to bring an action against a trustee.") (internal citations omitted); *Naversen v. Gaillard,* 38 A.D.3d 509, 509 (N.Y. App. Div. 2007) ("[S]ince defendants were not beneficiaries of the . . . Revocable Trust, they lacked standing to challenge the actions of the plaintiff as its trustee."). Here, Plaintiffs are not beneficiaries under the trust. Thus, the Trustee owes no duty to Plaintiffs and they lack standing to assert claims arising under the trust.

Plaintiffs' proposed claims are also the classic example of a party seeking to remedy an entirely hypothetical injury, which cannot support standing even if they had a direct interest in the Trust. Plaintiffs ask to sue the Trustee (in its individual capacity) to pursue a hypothetical claim for "Wrongful Distributions" that first requires the occurrence of several speculative events:

(1) that Plaintiffs prevail on their claim that the Fifth Amendment is invalid due to incapacity or undue influence; and then,

(2) that Plaintiffs subsequently prevail on their claims to invalidate the Fourth Amendment; and then,

(3) Plaintiffs also succeed to invalidate the Third Amendment; and then

(4) once Plaintiffs are determined to be a beneficiary (presumably under the Second Amendment), it be determined that the Trust does not

10

have sufficient assets to satisfy Plaintiffs' hypothetical share of the trust (which had yet to be determined); and then,

(5) that hypothetical share cannot be recovered from the existing beneficiaries and transferred to Plaintiffs.[2]

Only if this entire chain of events is satisfied can Plaintiffs allege that they have suffered a "concrete injury" and can potentially assert a claim for wrongful distributions against the Trustee. As this stage however, such claims are premature, hypothetical, and wholly insufficient to confer standing upon Plaintiffs. Therefore, the motion to amend should be denied.

### C. N.C. Gen. Stat. § 36C-6-604 has no application to claims that do not seek to invalidate the trust itself.

Even if Plaintiffs could sue the Trustee "in its individual corporate capacity" and demonstrate standing to add the new proposed claims against the Trustee, Plaintiffs claims must also fail because they fail to state a claim under N.C. Gen. Stat. § 36C-6-604.

Specifically, N.C. Gen. Stat. § 36C-6-604 carries the heading "*Limitation on action contesting validity of revocable trust; distribution of trust property*." Subsection (a) of the statute sets forth the statute of limitations for any action seeking to "commence a judicial proceeding to contest the validity of a trust that was revocable at the settler's death." Subsection (b) then provides that upon the death of the settlor of a trust, "the trustee may proceed to distribute the trust property in accordance with

---

[2] Under N.C. Gen. Stat. § 36C-6-604(c), a beneficiary is liable to return any distribution it has received that is later determined to be invalid.

11

the terms of the trust." That subsection further provides that "the trustee is not subject to liability for doing so unless . . . the trustee knows of a pending judicial proceeding contesting the *validity of the trust*." N.C. Gen. Stat. § 36C-6-604(b) (emphasis added).

On its face, therefore, N.C. Gen. Stat. § 36C-6-604 is limited to proceedings that attack the validity of a trust *entirely*. It does not apply to actions to merely challenging portions of trust documents, such as trust *amendments*. Here, Plaintiffs do not challenge the validity of the trust. They only challenge certain amendments to the trust. These allegations are not sufficient to allege a claim against a Trustee for making wrongful distributions under N.C. Gen. Stat. § 36C-6-604.

Presumably, Plaintiffs will argue that N.C. Gen. Stat. § 36C-6-604 applies not only to actions challenging the validity of the entire trust, but also any actions challenging any portion or amendment to a trust document. If the North Carolina General Assembly wished to subject a trustee to liability for making distributions during the existence of an action challenging only *amendments* to a trust, it could have done so. At least two states appear to have specifically done just that. Both Delaware and South Dakota's trust codes vary from North Carolina in defining actions to challenge a trust to include proceedings "to contest whether a revocable trust *or any amendment thereto* … was validly created." 12 Del. C. § 3546 (emphasis added); South Dakota CL § 55-4-57.

Indeed, interpretation of N.C. Gen. Stat. § 36C-6-604 in the manner apparently proposed by Plaintiffs would hamper a trustee from carrying out its duties upon the

12

filing of any action challenging any amendment of a trust, no matter how minor or irrelevant. For example, consider a trust amendment which updates the name or address of a beneficiary, or makes other amendments to conform to updates in the law that have no substantive effect on the parties. In Plaintiffs' view, an action to challenge those amendments would require a trustee to cease following its duties to beneficiaries under the trust and to cease distributions. Yet, North Carolina reasonably did not adopt such a position.

Plaintiffs may also argue that the Fifth Amendment (and the Fourth and Third Amendments) are not simply "amendments," but entire restatements of the trust and, as such, are effectively stand-alone trusts. Therefore, the argument goes, this is a proceeding to invalidate a trust in its entirety. That argument is also wrong.

First, even if Plaintiffs were entirely successful in this litigation, *the trust will still exist*. Plaintiffs only seek to invalidate the trust amendments that purport to disinherit them, meaning the original trust declaration and the First and Second Amendments thereafter *will not be invalidated*. Indeed, by not challenging the original trust declaration and every amendment thereafter, Plaintiffs are respecting the fact that the amendments relate back to the original declaration of trust and therefore those prior iterations of the trust are valid.

Second, the language of the current operative amendment supports this conclusion. The Fifth Amendment is titled, "**FIFTH AMENDMENT TO REVOCABLE DECLARATION OF TRUST**." Thus, the very title of the document harkens back to the original declaration of trust, expressing a continuity from Ralph

13

Jr.'s original declaration of trust through the Fifth Amendment. Further, the preamble to the Fifth Amendment likewise demonstrates that, regardless of the nature of the subsequent amendments, Ralph, Jr. created one trust:

> THIS FIFTH AMENDMENT TO REVOCABLE DECLARATION OF TRUST is entered into this 10th day of December, 2014 by RALPH LANE FALLS, JR. of Raleigh, North Carolina. This amendment amends and restates in its entirety the trust originally executed by me on the 4th day of August 2011, amended by first amendment dated December 14, 2012, amended by second amendment dated January 7, 2013, amended by third amendment dated February 19, 2014and [sic] amended by fourth amendment dated July 17, 2014 and applies to all property titled to this trust.

Accordingly, any argument that this action is one to invalidate a trust should be rejected.

Under North Carolina law, if a party is seeking to invalidate an entire trust, then the trustee may potentially be liable for wrongful distributions. This makes sense because if a trust is invalidated, then the trust assets will return to the estate of the deceased, to either be distributed through intestacy or any valid will. An action going to the validity of a trust challenges the very power of the trustee itself. But an action challenging amendments to a trust, by its nature, does not seek to invalidate the entire trust. Thus, there should not be an absolute rule imposing liability on a trustee for distributions made to beneficiaries where parties have challenged the amendments to a trust.

Therefore, as Plaintiffs have not alleged a claim in this action seeking to invalidate the trust in its entirety, Plaintiffs cannot state a claim against the Trustee under N.C. Gen. Stat. § 36C-6-604 for wrongful distributions. Nor can it assert a

14

Case 5:16-cv-00740-FL   Document 234   Filed 08/08/18   Page 14 of 20

right to injunctive relief that is based on that same statute. Plaintiffs' motion to amend to add these claims against the Trustee must be denied as futile.

### D. There is no separate claim for "Injunctive Relief"

As noted above, Plaintiffs' proposed amended complaint also seeks to add a claim for "Injunctive Relief" against the Trustee. In fact, an injunction is a remedy available for certain claims under certain circumstances but is not a separate cause of action giving rise to a right to relief. *See Kearney v. Blue Cross and Blue Shield of North Carolina*, 233 F. Supp. 3d 496, 508 (M.D.N.C. 2017) ("It is well settled that a request for injunctive relief is not a cause of action but rather a type of remedy.") If Plaintiffs want to enjoin the Trustee from making distributions under the operative trust documents, they need to make a motion, not assert a "claim" for "Injunctive Relief" in an amended complaint. Therefore, the motion to amend to add this "claim" should also be denied as futile.

### E. Plaintiffs have been dilatory in seeking to assert these claims.

A court may also deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant . . . [or] undue prejudice to the opposing party by virtue of the allowance of the amendment." *Bohan v. Hudson,* 115 F.R.D. 193, 194 (E.D.N.C. 1987) (*quoting Forman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)).

Plaintiffs have unduly delayed proposing these new claims against the Trustee. Plaintiffs allege in their motion that they learned of "additional conduct that [gave] rise to the claims asserted in the Plaintiffs' proposed amendment" during the

15

litigation of the Loan case. *See* DE 226, ¶ 7. This is false. The Trust is not at issue in the loan lawsuit, and was not issue at the trial of the Loan case. The trial transcript in that matter does not reveal a single instance in which the Trustee's alleged payments to beneficiaries or any alleged distributions were mentioned.

In fact, the Trustee produced documents to Plaintiffs *in this case* regarding the Trust value and certain distributions prior to the mediation in June 2017, and thus Plaintiffs have had a year to act if they believed any of the Trustee's actions required court action. Yet, Plaintiffs made no attempt to include new claims against the Trustee in its prior motion to amend filed a year ago *after* these documents were produced to them. Instead, Plaintiffs have waited more than a year in seeking this amendment. The current motion to amend was filed just a day before the deadline to add additional parties (DE 190), and more than three years after the death of Ralph, Jr.

It should also be noted that this motion to amend has also been made many months since the defendants moved to dismiss the existing complaint in its entirety. Those motions have been fully briefed. Yet, Plaintiffs' proposed amendments also make no attempt to correct those deficiencies. These are sufficient grounds on which to deny a motion to amend. *See Wise v. U.S. Dep't of Agriculture*, 2014 WL 5460606 (E.D.N.C. 2014) (denying motion to amend where motion to amend came five months after motion to dismiss, did not correct deficiencies, and sought only to add new parties and new claims that were futile). Thus, Plaintiffs' delay in filing their motion

to amend is a further reason why the Court should reject Plaintiffs' effort to add meritless additional claims to this matter.

## II. The Proposed Addition of Nancy Ledford as a Defendant Should Be Denied as Futile and Barred by the Statute of Limitations.

This opposition brief primarily addresses the two new "claims" Plaintiffs seek to add against the Trustee, and the Trustee understands that the beneficiaries' response will address the new proposed allegations against them. The Trustee is compelled to also address Plaintiffs' astonishing proposal to add Nancy Ledford, Ralph, Jr.'s former bookkeeper, as a defendant. Plaintiff seek to add Ledford to their claim for "Malicious Interference with Right to Inherit."

The timing of the motion to add Ms. Ledford as a defendant is of significant concern to the Trustee and Trustee's counsel. Ms. Ledford's only recent interaction with Ralph III was to testify in open court at the request of the Estate in the Loan trial. Ms. Ledford is retired and elderly, and of limited means. She was a primary witness in the loan case, which led to a jury verdict against Ralph III. Shortly after the entry of this judgment, Ralph III now seeks to add Ms. Ledford as a defendant to this lawsuit, which has been pending for almost two years.

Given these circumstances, Plaintiffs' motivation is self-evident in seeking to amend the complaint and adding Ms. Ledford in particular. The ability of an executor to pursue claims for an estate, or for a trustee to defend claims against a trust, requires an executor and trustee to call upon relevant fact witnesses to testify truthfully and without fear of retribution. In these types of cases, the decedent is not available to testify, and typically has not made sworn admissible statements prior to

17

his death. Ms. Ledford will likely be a fact witness in this case, as she worked closely with Ralph, Jr. for 18 years. Therefore, there is every reason to question Plaintiffs' good faith basis to add Ms. Ledford as a party, the burden she would incur and her willingness to testify if necessary in the future. Under the circumstances of this case, the Trustee submits that the Court has ample discretion to deny the motion to amend to add Ms. Ledford as a defendant.

However, the motion to amend to add Ms. Ledford as a defendant may also be denied as futile. First, the Trustee submits that this claim against Ms. Ledford is subject to dismissal on the same grounds as raised by the beneficiaries in their pending motions to dismiss that same claim. Second, Plaintiff's motion to amend was filed on June 17, 2018, more than three years after Ralph, Jr.'s death. The general statute of limitations in North Carolina for tortious conduct, which would include a claim for malicious interference, is three years. N.C. Gen. Stat. § 1-52(5). Therefore, any proposed claim against Ms. Ledford is already barred by the statute of limitations. Therefore, the motion to amend to add her as a party can and should be denied as futile.

## CONCLUSION

As set forth above, Plaintiffs have no basis to separately assert a claim against the Trustee in its individual corporate capacity, lack standing to bring their proposed new claims against the Trustee, fail to state any claim upon which relief can be granted and unduly delayed filing their motion to amend. Plaintiffs' motion to amend should be denied in its entirety as futile and untimely.

18

This the 8th day of August, 2018.

                        SMITH, ANDERSON, BLOUNT, DORSETT,
                        MITCHELL & JERNIGAN, L.L.P.

                        By: /s/ J. Mitchell Armbruster
                             James K. Dorsett, III
                             NCSB No. 7695
                             jdorsett@smithlaw.com
                             J. Mitchell Armbruster
                             NCSB No. 26422
                             marmbruster@smithlaw.com
                             Post Office Box 2611
                             Raleigh, North Carolina 27602-2611
                             Telephone:  (919) 821-1220
                             Facsimile:   (919) 821-6800
                             *ATTORNEYS FOR TRUSTEE*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing document with the Clerk of Court using the CM/ECF and notification of such filing will be sent electronically by the ECF system to all counsel of record in this case.

This day the 8th day of August, 2018.

SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.

By: /s/ J. Mitchell Armbruster
James K. Dorsett, III
NCSB No. 7695
jdorsett@smithlaw.com
J. Mitchell Armbruster
NCSB No. 26422
marmbruster@smithlaw.com
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Telephone: (919) 821-1220
Facsimile: (919) 821-6800
