IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:16-cv-00740

| | |
|---|---|
| RALPH L. FALLS, III, M.E.F., by her next friend and parent, RALPH L. FALLS, III, L.C.F., by her next friend and parent, RALPH L. FALLS, III, and J.B.F., by his next friend and parent, RALPH L. FALLS, III, <br><br> Plaintiffs, <br><br> v. <br><br> GOLDMAN SACHS TRUST COMPANY, N.A., as Executor of the Estate of RALPH L. FALLS, JR., GOLDMAN SACHS TRUST COMPANY, N.A., as Trustee of the RALPH LANE FALLS REVOCABLE DECLARATION OF TRUST, DIANNE C. SELLERS, LOUISE FALLS CONE, individually and on behalf of her unborn issue, TOBY CONE, individually and on behalf of his unborn issue, MARY COOPER FALLS WING, individually and on behalf of her unborn issue, GILLIAN FALLS CONE, individually and on behalf of her unborn issue, KATHERINE LENOX CONE, individually and on behalf of her unborn issue, <br><br> Defendants. | **PLAINTIFFS' REPLY TO DEFENDANTS GOLDMAN SACHS, SELLERS, AND CONES IN FURTHER SUPPORT OF MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** |

Pursuant to Local Rules 7.1(g)(1), Plaintiffs Ralph L. Falls, III, M.E.F., by her next friend and parent, RALPH L. FALLS, III, L.C.F., by her next friend and parent, RALPH L. FALLS, III, and J.B.F., by his next friend and parent, RALPH L. FALLS, III, (collectively, "Plaintiffs") submit this reply to the responses of Defendants Goldman Sachs Trust Company, N.A., as Executor of the Estate of Ralph L. Falls, Jr. and as Trustee of the Ralph Lane Falls Revocable

Declaration of Trust ("Goldman Sachs"), Dianne C. Sellers ("Sellers"), and Louise Falls Cone, Toby Cone, Gillian Cone and Katherine Lenox Cone (collectively, the "Cone Defendants") (ECF Nos. 233 & 234) in further support of Plaintiffs' Motion for Leave to File Amended Complaint ("Motion to Amend") (ECF No. 226).

## ARGUMENT

I. **PLAINTIFFS' PROPOSED AMENDED COMPLAINT STATES A PLAUSIBLE CLAIM FOR RELIEF AND IS NOT FUTILE.**

Defendant Goldman Sachs engages in extensive *ad hominem* attack on Plaintiffs' motive for seeking to amend their complaint in this action, accusing Plaintiffs of being "motivated by a desire to punish those [Falls III] feels are responsible for that verdict against him" in the Loan case. This sort of attack on Plaintiffs' motive is grossly improper and should be disregarded by this Court. Instead, the only issue before this Court is whether Plaintiffs' proposed amendment would withstand a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Quirk v. Stephens*, No. 5:16-CV- 00757-BR, 2017 WL 2416915, at *2 (E.D.N.C. June 2, 2017) (citing *Wolfenden v. Long*, No. 5:09-CV-00536-BR, 2010 WL 2998804, at *7 (E.D.N.C. July 26, 2010).

A proposed amendment is not futile where it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The proposed amendment must be "plausible . . . in the sense that [its] factual allegations must allow a "court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *McCleary-Evans v. Maryland Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (citing *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 570).

The plausibility standard "do[es] not require heightened fact pleading of specifics." *Stevenson v. City of Seat Pleasant, Md.*, 743 F.3d 411, 417-18 (4th Cir. 2014) (quoting *Twombly*, 550 U.S. at 570). Nor does it "'impose a probability requirement at the pleading stage; it simply calls for enough fact[s] to raise a reasonable expectation that discovery will reveal [the] evidence' required to prove the claim." *Moody-Williams v. LipoScience*, 953 F. Supp. 2d 677, 681-82 (E.D.N.C. 2013) (quoting *Twombly*, 550 U.S. at 556). The proposed amendment "need not set forth 'detailed factual allegations,' but instead must simply 'plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" *Id.* (quoting *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.* 591 F.3d 250, 262 (4th Cir. 2009)). "In evaluating a proposed amendment for futility, the court views the facts pleaded in the light most favorable to plaintiff." *Nobles v. Boyd*, No. 7:14-CV- 214-FL, 2015 WL 2165962, at *13 (E.D.N.C. May 8, 2015) (citing *Flood v. New Hanover Cnty.*, 125 F.3d 249, 251 (4th Cir. 1997)).

    **A.**     **Plaintiffs' Proposed Amendment Alleges a Viable Claim Against Goldman Sachs for Breach of Trust in Making Wrongful Distributions.**

Goldman Sachs apparently contends that it cannot be held personally liable in its corporate capacity for wrongful distributions in violation of N.C. Gen. Stat. § 36C-6-604(b) because it was acting as trustee in making those distributions. Such an absurd argument ignores the plain language of the statute, which provides in unambiguous terms that a trustee is not subject to liability for making distributions of trust property "***unless . . . [t]he trustee knows of a pending judicial proceeding contesting the validity of the trust.***" N.C. Gen. Stat. § 36C-6-604(b) (emphasis added). Notwithstanding this plain language, Goldman Sachs argues that it "merely faces direct liability," whatever that may mean, for making distributions in violation of

3

the statute. Such a strained interpretation of the statute ignores North Carolina law and long established precedent that a trustee may be held personally liable for a breach of trust. N.C. Gen. Stat. § 36C-10-1002; *see, e.g. Freeman v. Cook*, 41 N.C. 373, 378-79 (1849)(trustee who improperly disposes of trust property personally liable to compensate the trust for value lost). Here, Goldman Sachs is a named party and has had knowledge of a pending judicial proceeding contesting the validity of amendments to the Revocable Trust since litigation was first commenced on March 17, 2016 in Falls v. Goldman Sachs Trust Company, et al., Case No. 5:16-CV-98. To the extent Goldman Sachs has made and continues to make distributions of trust property in violation of the statute, it is has committed and continues to commit a breach of trust, thereby subjecting itself to personal liability. Accordingly, the proposed amendment states a plausible claim against Goldman Sachs holding it personally liable in its individual corporate capacity for damages for its breach of trust.

     **B.**     **Plaintiffs' Proposed Amendment Alleges Sufficient Facts to Establish Standing to Challenge Goldman Sachs's Wrongful Distributions.**

Goldman Sachs also contends that Plaintiffs do not have standing to challenge the wrongful distributions it has made because they are not beneficiaries of the Revocable Trust. However, Plaintiffs' Proposed Amendment plainly alleges facts establishing their status as the original beneficiaries of the Revocable Trust who were disinherited by subsequent, invalid amendments that were the product of incapacity or undue influence. Those factual allegations, which must be accepted as true and construed in the light most favorable to Plaintiffs for purposes of this motion for leave to amend under Rule 15, provide Plaintiffs the necessary standing to challenge distributions made in violation of N.C. Gen. Stat. § 36C-6-604(b). *Flood*, 125 F.3d at 251. Goldman Sachs recites a list of "speculative events" that would have to occur

for Plaintiffs to have sustained an injury giving them standing.  This argument is nothing more than a misplaced and irrelevant attack, couched in terms of standing, on the factual allegations underlying Plaintiffs' claim for wrongful distributions.  *Addison v. Reitman Blacktop, Inc.,* 283 F.R.D. 74, 80 (E.D.N.Y. 2011) ("An argument that is simply an attack on the factual validity of the Plaintiffs' claims is irrelevant to the Court's motion to amend analysis.  As in a motion to dismiss, in considering a motion to amend, the Court must accept all of the Plaintiffs' proposed factual allegations as true.").  Accordingly, Defendant's standing argument is without merit.[1]

### C. N.C. Gen. Stat. § 36C-6-604 Applies Where an Action Seeks to Invalidate All or Part of the Terms of the Trust.

Goldman Sachs also contends that N.C. Gen. Stat. § 36C-6-604 does not apply in this case because Plaintiffs are only challenging some amendments to the Revocable Trust and not the entire trust.  Goldman Sachs's attempt to narrowly define the type of judicial proceeding contemplated by the statute ignores the Official Comments adopted by the North Carolina General Assembly, which provide that "[a] 'contest' is an action to invalidate all ***or part of the terms of the trust*** or of property transfers to the trustee." N.C. Gen. Stat. § 36C-6-604, Official Comment (emphasis added).

The North Carolina courts have never addressed this argument.  However, the Official Comments to the North Carolina Uniform Trust Code provide guidance as to the intent of the General Assembly.  "The commentary to a statutory provision can be helpful in some cases in

---

[1] In support of its argument, Goldman Sachs relies on several cases which are inapposite or fail to stand for the proposition put forth by Goldman Sachs.  For example, Goldman Sachs asserts that *Naversen v. Gaillard*, 38 A.D.2d 509 (N.Y. App.l Div. 2007) is analogous to the issues of this case because the *Naversen* court held that "since defendants were not beneficiaries of the…Revocable Trust, they lacked standing to challenge the actions of the plaintiff as its trustee."  However, an examination of the *Naversen* case reveals that, based on the limited court rulings, Gaillard, while a sibling of the Plaintiff/Trustee, was never a beneficiary of the trust at issue in that case and never claimed to be a beneficiary.  Additionally, the claims at issue in *Naversen* center around a breach of contract claim and have no relation to a dispute to determine the beneficiaries of the trust at issue as are presented to the Court in this matter.

5

discerning legislative intent." *Miller v. First Bank*, 206 N.C.App. 166, 171, 696 S.E.2d 824, 827 (2010); quoting *Parsons v. Jefferson-Pilot Corp.*, 333 N.C. 420, 425, 426 S.E.2d 685 , 689 (1993). As in *Miller*, while the Official Comments to the North Carolina Uniform Trust Code were not enacted into law, "they were included with the printing of the statute and are, therefore, relevant in construing the intent of the statute." *Miller v. First Bank*, 206 N.C.App. 166, 171, 696 S.E.2d 824, 827; s*ee also Rentenbach Constructors, Inc. v. CM Partnership*, 181 N.C.App. 268, 271, 639 S.E.2d 16, 18 (2007) (holding that although Official Comment to section of Uniform Commercial Code was not binding because it was not enacted into law, it could be used to ascertain legislative intent since it was printed with statute); *In re Miller Brothers Lumber Co., Inc.*, 2013 WL 5755052 (M.D.N.C. 2013) (stating "while the Official Comments do not equate to law, 'the commentary to a statutory provision can be helpful in some cases in discerning legislative intent'" and holding that where the language of a statue is ambiguous, the court will interpret the statute in its entirety and in light of the Official Comments accompanying it."); *In re Price*, 562 F.3d 618 (4th Cir. 2009) (where the court found the Official Comments to the Uniform Commercial Code to be "instructive."). Furthermore, while the Official Comments to the North Carolina General Statutes are not binding, the Supreme Court of North Carolina has often relied on the Official Comments of the Uniform Commercial Code to "help elucidate the statutory language." *See In re Bass*, 366 N.C. 464, 738 S.E.2d 173 (2013); *Alberti v. Manufactured Homes, Inc.*, 329 N.C. 727, 407 S.E.2d 819 (1991); *Boudreau v. Baughman*, 322 N.C. 331, 368 S.E.2d 849 (1988).

Thus, contrary to Goldman Sachs' contention that the statute "does not apply to actions to merely challenging (sic) portions of trust documents, such as trust *amendments*," there is no such requirement that a judicial proceeding contest the "entire trust." Accordingly, N.C. Gen. Stat. §

6

36C-6-604 applies in this judicial proceeding in which the validity of amendments to the Revocable Trust that disinherited Plaintiffs are contested.

## D. Plaintiffs' Claim Seeking Injunctive Relief Alleges a Cognizable Claim for Breach of Trust.

Goldman Sachs also argues that Count VI, which is denominated "Injunctive Relief," is improper because injunctive relief is a remedy and not a cause of action. However, this argument overlooks the substantive allegations of Count VI, which assert that the Trustee's actions in making distributions of trust property in violation of N.C. Gen. Stat. § 36C-6-604 constitute a breach of trust for which N.C. Gen. Stat. § 36C-10-1001(b) provides for *injunctive relief* as an available remedy. Whatever significance Goldman Sachs attaches to the heading, the substantive allegations in Count VI are sufficient to set forth a cognizable claim for breach of trust, which is a recognized cause of action against a trustee. N.C. Gen. Stat. § 36C-10-1001(a)("A violation by a trustee of a duty the trustee owes under a trust is a breach of trust."); N.C. Gen. Stat. § 36C-10-1002(a)(trustee who commits a breach of trust is liable to the affected beneficiaries). Accordingly, Plaintiffs' claim seeking injunctive relief as a remedy for breach of trust is not futile.

## E. Plaintiffs Did Not Unduly Delay in Filing Their Motion to Amend.

Goldman Sachs, Sellers, and the Cone Defendants all contend that Plaintiffs have unduly delayed in seeking to amend their complaint even though this case is still in the early stages, they have not yet filed answers to the current complaint, and no discovery has occurred since the close of the limited discovery period more than a year ago. Defendants' subjective belief that Plaintiffs "unreasonably delayed" is insufficient to deny this motion. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999) ("Delay alone is an insufficient reason to deny

leave to amend. . . . Rather, the delay must be accompanied by prejudice, bad faith, or futility."); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981) ("But mere passage of time need not result in refusal of leave to amend; on the contrary, it is only undue delay that forecloses amendment. Amendment can be appropriate as late as trial or even after trial.") (citing 6 C. Wright & A. Miller, Federal Practice and Procedure § 1488 (1971); Fed. R. Civ. P. 15(b)) (emphasis added).

Furthermore, Plaintiffs detailed in their opening brief that they had learned of additional conduct through the limited discovery process and litigation in the Loan case giving rise to claims they have asserted in the proposed amended complaint. During the limited discovery period, Plaintiffs sought to obtain a full trust accounting for the Revocable Trust, including information about distributions that had already been made by the Trustee. However, Goldman Sachs (at the insistence of Sellers and the Cone Defendants) refused to provide such an accounting, which required Plaintiffs and defendant, Mary Cooper Falls Wing ("Wing"), to file a joint motion to compel discovery from Goldman Sachs. (ECF No. 105). Shortly thereafter, Plaintiff Ralph Falls III ("Falls III") filed a motion for leave to file a first amended complaint. (ECF No. 128). The purpose of the first amended complaint was to cure alleged deficiencies asserted by Sellers in a motion for partial judgment on the pleadings filed on the eve of mediation. (ECF No. 106). At the time of filing the first motion for leave to amend the complaint, the motion to compel was pending and Plaintiffs' review of the thousands of pages of documents produced in the limited discovery period was still incomplete. Consequently, it was premature to assert a claim at that time against Goldman Sachs for wrongful distributions. Subsequently, this Court disposed of the motion to compel as moot in its Order entered on December 18, 2017. (ECF No. 185). Plaintiffs are still without access to a full trust accounting.

Nevertheless, Plaintiffs are informed and believe based upon discussions with counsel for the defendants in connection with a state court action commenced by Wing that Goldman Sachs has continued to make distributions to the other defendants. Accordingly, in light of the deadline in the Case Management Order (ECF No. 190) for amendment of the pleadings and adding additional parties, Plaintiffs filed this motion to amend to add the additional claims and defendants.[2]

Moreover, Goldman Sachs cannot demonstrate any prejudice associated with any delay by Plaintiffs in filing this motion to amend. Although this case has been pending for two years, it is still in its early stages. Most of the 2017 calendar year was devoted to a limited discovery period and an early mediation that did not finally impasse until October 16, 2017. (ECF No. 155). A revised Rule 26(f) Report and Plan was filed on January 2, 2018 and the Case Management Order was entered on January 9, 2018. (ECF Nos. 189 & 190). Since that time, Goldman Sachs, Sellers, and the Cone Defendants have filed motions to dismiss the complaint. (ECF Nos. 194 & 198). Those motions have been fully briefed and are still pending a ruling from this Court. No additional written discovery has taken place and no depositions have been taken while the parties have awaited this Court's ruling on those pending motions.[3]

Furthermore, Plaintiffs have opposed the motions to dismiss, which are not well-founded; and their proposed amended complaint does not attempt to cure any alleged deficiencies nor is

---

[2] Sellers and the Cone Defendants claim that Goldman Sachs provided information about distributions before the June 5, 2017 mediation. (ECF No. 233, p. 16) This is inaccurate. The information Goldman Sachs provided was a summary of assets on hand as of May 25, 2017, which reflected a line item labeled "disbursements subject to refunding provision (not related to litigation)" and a separate line item labeled "total litigation-related expenses." It is impossible to determine from that limited information what portion of those line items represents distributions to Sellers and the Cone Defendants. Furthermore, Goldman Sachs has never provided any information about transfers to Sellers and the Cone Defendants that occurred before Decedent's death.

[3] It should be noted that Goldman Sachs amended its complaint in the Loan case on the eve of trial, after the parties had answered, completed discovery and were approaching trial. (*Goldman Sachs v. Falls III,* Case 5:14-cv-00777-FL (ECF No. 122).

9

that required. Goldman Sachs' reliance on *Wise v. U.S. Dep't of Agriculture,* 2014 WL 5460606 (E.D.N.C. 2014) for the proposition that the motion to amend should be denied on such basis is inapposite. In *Wise*, the court had already disposed of pending motions by dismissing the complaint and denied the motion to amend because the proposed amended complaint did not set out any new factual allegations or information. *Id.* at 4. Rather, the factual allegations in the proposed amended complaint were the same as those in the complaint the court had already dismissed for failure to state a claim. *Id*. Thus, the proposed amendment in *Wise* would be subject to immediate dismissal on the same grounds as the prior complaint, thereby making amendment futile.

Unlike the procedural posture in *Wise*, this Court has not yet disposed of the pending motions to dismiss. Hence, the fact that Plaintiffs have made no attempt to cure the so-called deficiencies asserted by Goldman Sachs, Sellers, and the Cone Defendants is irrelevant. Therefore, absent a determination that Plaintiffs' existing complaint fails to state a claim, Plaintiffs' proposed amended complaint would not be subject to immediate dismissal. Accordingly, Plaintiffs' motion to amend is not futile and should be allowed.

Similarly, the reliance by Sellers and the Cone Defendants on *Mitchell-Tracey v. United Gen. Title Ins. Co.*, 442 Fed. Appx. 2 (4th Cir. 2011), an unpublished opinion that is not binding precedent, is misplaced. In *Mitchell-Tracey,* the district court granted motion for judgment on the pleadings as to the plaintiffs' original complaint for failure to exhaust administrative remedies. The district court then denied plaintiffs' motion to amend their complaint because the proposed amended complaint did not cure the failure to exhaust administrative remedies that had been fatal to the original complaint. Unlike *Mitchell-Tracey*, there has been no disposition of the

pending motions to dismiss the current complaint. Thus, the pendency of those motions is not grounds to deny Plaintiffs' Motion to Amend.

### F. Plaintiffs' Proposed Amended Complaint to Add Nancy Ledford as a Party Is Timely.

Defendants argue that a claim for malicious interference with the right to inherit against Nancy Ledford ("Ledford") is barred by the three-year statute of limitations because that statute expired on the three-year anniversary of the death of Ralph Falls, Jr. ("Falls Jr.") While Plaintiffs agree that the three-year statute of limitations is applicable, the statute runs, not from the date of Falls Jr.'s death, but from the date when Plaintiffs discovered or should have discovered they were injured.

In this case, Plaintiffs did not learn they were disinherited until several weeks after June 24, 2015. In a letter sent by e-mail on June 24, 2015 to counsel for Goldman Sachs, Plaintiffs requested "a copy of the original trust instrument and all amendments thereto" and "reasonably complete and accurate information as to the nature and amount of the trust property." Plaintiffs received no response to their request until July 17, 2015. In a telephone call on that date, Mitch Armbruster, counsel for Goldman Sachs, informed Falls III's counsel that Goldman Sachs did not intend to formally respond to Plaintiffs' request and did not intend to provide any information about the Revocable Trust because, according to Armbruster, only someone who is a beneficiary is entitled to that information. Armbruster refused to state explicitly that Plaintiffs were not beneficiaries of the Revocable Trust, suggesting instead that the refusal to respond or provide the information should "tell you what you need to know." Until that refusal, Plaintiffs did not know and could not have known through the exercise of reasonable diligence that they had been disinherited. Therefore, Plaintiffs' cause of action did not accrue until July 17, 2015,

11

the date they first learned they had been disinherited. *Barwick v. Celotex Corp.*, 736 F.2d 946, 955-56 (4th Cir. 1984) *quoting Raftery v. Wm. C. Vick Const. Co.*, 291 N.C. 180 188-89, 230 S.E.2d 405, 409-10 (1976)(cause of action accrues at time injury is discovered or ought reasonable to have been discovered); *see also Liner v. DiCresce*, 905 F.Supp. 280, 286 (D.N.C. 1994) *quoting Pocahontas Supreme Coal Co., Inc. v. Bethlehem Steel Corp.*, 828 F.2d 211 (1987) ("A cause of action accrues 'when a plaintiff knows or should know of the injury that underlies his cause of action.'").

Defendants erroneously contend that this discovery rule, which is codified in N.C. Gen. Stat. § 1-52(16), is inapplicable to a claim for malicious interference with the right to inherit, relying on *Phillips v. Pitt Cty. Mem'l Hosp. Inc.*, 222 N.C. App. 511, 731 S.E. 2d 462 (2012). This reliance is misplaced. The *Phillips* plaintiff alleged only damage to his property in the form of tortious interference with an existing contractual relationship. *Id.* at 516, 466. In summarily rejecting the plaintiff's argument that the discovery rule tolled the statute of limitations, the *Phillips* court stated in a footnote that the alleged tortious interference was not one involving "personal injury or ***physical damage*** to claimant's property[.]" *Id.* at 520, 469, n.9 (emphasis added). Thus, the absence of "physical damage" to plaintiff's contractual property right was fatal to application of the discovery rule. However, the requirement of "personal injury" in N.C. Gen. Stat. § 1-52(16) is not so limited. In construing the discovery rule, the North Carolina Supreme Court found the statutory language "personal injury" to be ambiguous and subject to liberal interpretation so as to include not only physical harm, but "[a]ny invasion of a personal right, including mental suffering or false imprisonment." *Misenheimer v. Burris*, 360 N.C. 620, 623, 637 S.E. 2d 173, 175 (2006)(*citation omitted*). Here, unlike the plaintiff in *Phillips*, Plaintiffs' claims for malicious interference with the right to inherit allege "emotional and mental

12

anguish and humiliation" in addition to significant economic damages, which mental suffering is the type of invasion of a personal right recognized by the *Misenheimer* court as within the purview of the rule. (ECF No. 226-1, ¶ 115). Accordingly, the discovery rule of N.C. Gen. Stat. § 1-52(16) is applicable; and, therefore, Plaintiffs' claims against Ledford are not barred by the statute of limitations.[4]

### G. No Defendant Would Be Prejudiced by Adding Ledford as a Defendant.

Although this case has been pending for two years, there has only been document discovery on a limited number of topics and no depositions have been taken. In fact, there has been no discovery at all since the close of the limited discovery period on May 26, 2017. With the exception of Wing, no defendant has even answered the current complaint. Instead, the Goldman Sachs, Sellers, and the Cone Defendants have all sought dismissal on the grounds that there is no subject matter jurisdiction and the complaint fails to state a claim for relief. The deadline for completion of all discovery is months away, and trial is not yet scheduled and is anticipated to occur sometime after April 30, 2019. Thus, there is no plausible way in which a motion to add Ledford (or any other defendant) filed before the deadline set by the Case Management Order for motions to join additional defendants could prejudice the other defendants in this matter. This argument is merely a collateral attack on the deadlines set by the Case Management Order; and, in view of the current status of this case, is wholly meritless.

### H. Defendants' "Bad Faith" Argument Is Another Improper Attempt to Argue the Merits.

Finally, Sellers and the Cone Defendants accuse Plaintiffs of "bad faith" in seeking to amend their complaint because: (1) the proposed amended complaint does not include any

---

[4] Sellers and the Cone Defendants argue at length that the relation back rule of Fed. R. Civ. P. 15(c) is inapplicable. However, there is no need to address that argument as the statute of limitations had not yet expired at the time Plaintiffs filed the Motion to Amend.

13

newly discovered information and evidence, (2) Plaintiffs have multiplied the amount of litigation related to this mater to secure a tactical advantage, and (3) Ledford is being added as a defendant in retaliation for Ledford's testimony in the Loan case. Each of these arguments is false.

As discussed above, at the time Falls III filed his first motion to amend the complaint the review of voluminous documents produced in the limited discovery period was ongoing. Moreover, the purpose in seeking leave to amend at that time was to address alleged deficiencies in the original complaint asserted by Sellers in her motion for partial judgment on the pleadings filed on the eve of mediation. (ECF No. 106). But for Sellers' motion, leave to amend the complaint would not have been filed until the review of that discovery was completed. The review of those documents as well as Ledford's testimony in the Loan case revealed information previously unknown to Plaintiffs that form the basis for the allegations in the proposed amended complaint, including, the following:

(1) Transfers of funds and other assets were made to Sellers and the Cone Defendants while Decedent was suffering from lack of capacity and undue influence (ECF No. 226-1, ¶¶ 121-122);

(2) Sellers used a General Power of Attorney to make and/or direct third parties to make substantial transfers of Decedent's assets for her benefit and the benefit of the Cone Defendants (ECF No. 226-1, ¶ 128);

(3) Goldman Sachs has made and continues to make distributions to Sellers and the Cone Defendants (ECF No. 226-1, ¶ 128); and

14

> (4) Ledford was acting in concert with Sellers and Louise Cone to interfere with Decedent's relationship with Falls III and Falls III's minor children (ECF No. 226-1, ¶ 108).

For purposes of a motion to amend, the only question is whether those allegations, taken as true and viewed in the light most favorable to Plaintiffs, are sufficient to withstand a motion to dismiss for failure to state a claim. This evidence-based argument by Sellers and the Cone Defendants is yet another improper attempt to convert this Motion to Amend into a dispositive motion under the guise of "bad faith" and is wholly irrelevant to a motion to amend, where it is the sufficiency of the allegations in Plaintiffs' proposed amended complaint, not the evidence that is at issue.

Sellers and the Cone Defendants also raise *again* the pendency of two state court actions filed during the limited discovery period. This is the same argument that they raised in response to Falls III's first motion to amend. (ECF No. 157, pp. 9-12). As fully detailed in Falls III's reply in support of his previous motion to amend, the state court cases were filed for the legitimate purpose of preserving Falls III's rights, and are in no way indicative of any delay or bad faith in seeking leave to amend then or now. (ECF No. 175, pp. 2-4). Plaintiffs' new state court action, *Falls III, et al. v. Goldman Sachs, et al.* (18 CVS 5830) (the "2018 Case"), was filed solely to preserve Plaintiffs' rights and avoid a potential statute of limitations argument in the event that this Court should grant the pending motions to dismiss. Moreover, the summons and complaint in the 2018 Case has not been served, belying the suggestion that the purpose in filing another state court action was to run up costs through litigation and secure a tactical advantage. Thus, the existence of those state court actions is not evidence of either undue delay or bad faith in seeking leave to amend Plaintiffs' complaint in this action.

15

Finally, whatever bad motive Sellers and the Cone Defendants impute to adding Ledford as a defendant is false. Plaintiffs seek to add Ledford because they discovered her involvement with efforts to create an estrangement between Falls III and Decedent while reviewing e-mail correspondence between Ledford and Sellers produced during the limited discovery period. Those documents revealed, among other things, an email in which Sellers and Ledford were conspiring to make Decedent angry with Falls III and e-mails referring to Falls III as the "demon son" and expressing Ledford's desire to get rid of him. In addition, Ledford testified during the trial in the Loan case that she was the author of a November 2013 letter accusing Falls III of failing to comply with demands to secure a $320,000 loan, that she was involved in instituting litigation by Decedent against Falls III, and that she had informed Decedent of Falls III's alleged meddling in Decedent's financial affairs and the recording of Falls III's general power of attorney. It was those actions that resulted in Ledford being added as a defendant, not any ulterior motive related to Ledford's adversity in the Loan case.

## **CONCLUSION**

In conclusion, yet again, Defendants have presented this Court with nothing but outrageous, inane, and irrelevant arguments in response to a request to amend the complaint within the deadline set by the Case Management Order and for which Rule 15 provides that this Court should freely give leave. The Defendants make these arguments while disingenuously arguing that the Plaintiffs' motive or agenda is solely a desire to run up the costs of this litigation. To the contrary, it is the Defendants who, with Goldman Sachs' blessing, are using the assets of the Revocable Trust as a war chest to obstruct and delay this litigation at every opportunity with precisely the very motive they ascribe to Plaintiffs, i.e., to secure a tactical

16

Case 5:16-cv-00740-FL Document 237 Filed 08/22/18 Page 16 of 18

advantage by driving up the costs of litigation. Thus, for the reasons stated above, the Court should grant Plaintiffs' Motion for Leave to File Amended Complaint.

This the 22nd day of August, 2018.

        */s/ Lynn F. Chandler*
        Lynn F. Chandler
        N.C. State Bar No. 23378
        Stephanie C. Daniel
        N.C. State Bar No. 33396
        Lucas D. Garber
        N.C. State Bar No. 47756
        SHUMAKER, LOOP & KENDRICK, LLP
        101 South Tryon Street, Suite 2200
        Charlotte, North Carolina 28280
        Telephone:   704.375.0057
        Facsimile:   704.332.1197
        E-mail:   lchandler@slk-law.com
                    sdaniel@slk-law.com
                    lgarber@slk-law.com

        Mary B. Ramsay
        South Carolina Bar. No. 78856
        SHUMAKER, LOOP & KENDRICK, LLP
        Post Office Box 22207
        Charleston, South Carolina 29413
        Telephone:   843.996.1918
        Fax:   704.332.1197
        Email:   mramsay@slk-law.com

        *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

This the 22nd day of August, 2018.

>  */s/ Lynn F. Chandler*
> Lynn F. Chandler
>
> *Counsel for the Plaintiffs*